Tammy Hussin (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Charlene Lucas

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charlene Lucas,<br><br>    Plaintiff,<br><br>vs.<br><br>Credit Control LLC; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.: **C13-1959**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Charlene Lucas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Charlene Lucas (hereafter "Plaintiff"), is an adult individual residing in Napa, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Credit Control LLC ("Credit Control"), is a Missouri business entity with an address of 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Credit Control and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit Control at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $345.77 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Credit Control for collection, or Credit Control was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Credit Control Engages in Harassment and Abusive Tactics**

12. Within the last year, Credit Control contacted Plaintiff in an attempt to collect the Debt.

13. On or about March 27, 2013, Plaintiff and Credit Control agreed that Plaintiff could pay the Debt in two installments. It was agreed that Plaintiff would make the first payment of $145.77 immediately, and then she would make the second payment of $200.00 on April 28th.

14. Plaintiff provided her bank account information to Credit Control and authorized it to withdraw the first payment immediately and further authorized Credit Control to withdraw the remaining $200.00 the following month.

15. On March 29, 2013, Credit Control withdrew the first payment $145.77 from Plaintiff's bank account; however, in addition to Plaintiff's agreed upon payment, Credit Control also withdrew an unauthorized sum of $345.77 from Plaintiff's bank account.

16. This unauthorized withdrawal resulted in an overdraft charge to Plaintiff and caused Plaintiff's bank account to go into a negative status, leaving Plaintiff with no way to pay for her much needed pain relieving medications.

17. Plaintiff called Credit Control to object to the unauthorized charge and requested an immediate return of unauthorized withdrawal. Plaintiff inquired as to why Credit Control took the funds out of her bank account without her permission. Credit Control responded "because we can." This caused Plaintiff much worry and frustration.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

21. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

27. Credit Control LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

28. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

29. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

34. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

35. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

36. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

37. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: April 23, 2013                    TAMMY HUSSIN

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff Charlene Lucas

---

8                                        COMPLAINT FOR DAMAGES